**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| BYRON K. BREASTON and | ) | |
| LUIS LOZA, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-CV-172-TS |
| | ) | |
| MICHAEL K. BOOKS, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Byron Breaston and Luis Loza, inmates confined at the Elkhart County Jail, filed a *pro se* petition for writ of habeas corpus, seeking relief under 28 U.S.C. § 2254. The petitioners allege that the respondent is improperly detaining aliens resulting in the "over-crowding of living conditions" at the jail. Mr. Loza asserts that he is a Mexican national illegally held at the jail. Mr. Breaston does not allege that he is not an American citizen. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may dismiss a petition where on the on its face, the petition establishes that the petitioner is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

A writ of habeas corpus is available to inmates "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This remedy is not limited to attacks on the validity of an inmate's "custody," but is also the appropriate remedy when an inmate challenges the validity of the fact or length of his "confinement." *Preiser v. Rodriguez*, 411 U.S. 486 (1983). In *Preiser*, the Supreme Court of the United States considered the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and held that habeas corpus is the sole federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release; an inmate who challenges the conditions of his confinement must file a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. at 498-500.

Jail overcrowding is a condition of confinement that does not effect the fact or duration of the petitioners' confinement. Accordingly, the petitioners must challenge overcrowding at the Elkhart County Jail in a § 1983 action. Because Mr. Breaston asserts nothing in relation to himself except that he is subjected to overcrowding at the jail caused by housing non-citizens there, he must be dismissed from this action.

Mr. Loza suggests that as a resident alien of Mexican descent he may not be held at the Elkhart County Jail due to the "International Law of Diplomacy." (Pet. 1.) He suggests that the United States Immigration and Naturalization Service has exclusive jurisdiction over him and that he must be housed in one of its facilities rather than the Elkhart County Jail. Mr. Loza further suggests that the Mexican Ministry of Foreign Affairs should be advised of his confinement.

Pursuant to 28 U.S.C. § 2254(a), a prisoner is entitled to habeas relief only if he is "in custody in violation of the Constitution or laws or treaties of the United States." Mr. Loza suggests that he is in unlawfully in custody at the Elkhart County Jail, but he does not point to any specific provision of the Constitution or laws or treaties of the United States that prevent resident aliens charged with a state crime from being housed in jails until their trial. Indeed, nothing in the Constitution, laws, or treaties of the United States requires that pretrial detainees charged with state criminal offenses be housed by the Immigration and Naturalization Service prior to trial. Moreover, even if someone should have notified the Mexican counsel that Mr. Loza was confined in the Elkhart County Jail, the failure to do so does not implicate the validity of his confinement at the jail as a pretrial detainee.

For the foregoing reasons, the court the court DISMISSES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

2

SO ORDERED on January 10, 2006.

                            /s/ Theresa L. Springmann
                         THERESA L. SPRINGMANN
                         UNITED STATES DISTRICT COURT